IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR X 7 2007
MAR. 7, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LAURA TORRES,<br>    Plaintiffs, | )<br>)<br>)<br>) |
| OFFICERS KEITH HERRARA,<br>STAR #17289, OFFICER RILEY<br>STAR #11197, JEROME FINNEGAN<br>STAR #5176, OFFICER BURCINSKI<br>STAR #3450, FRANK VILLAREAL<br>VILLAREAL STAR #10438,<br>MARGARET HOPKINS #5545<br>and THE CITY OF CHICAGO,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    07cv1297<br>JUDGE FILIP<br>MAG. JUDGE SCHENKIER |

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 and 1988 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

1

## PARTIES

5. Plaintiff Laura Torres is a Hispanic female and is a citizen of the United States and resident of Chicago, Illinois.

6. Defendant Officer Frank Villareal, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Villareal is being sued individually.

7. Defendant Officer Riley #11197, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Riley is being sued individually.

8. Defendants Officer Margaret Hopkins, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Hopkins is being sued individually.

9. Defendants Officer Keith Herrera, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Herrera is being sued individually.

10. Defendant Officer Jerome Finnegan, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Finnegan is being sued individually.

11. Defendant Officer Burcinski #3450, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the

facts alleged in this Complaint. Defendant Officer Burcinski is being sued individually.

12. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Carl Suchocki, Thomas Sherry, James McGovern and Jerome Finnegan.

## COUNT I
### (June 24, 2005 Fourth Amendment Violation)

13. On June 24, 2005 at approximately, 3:00 p.m., Laura Torres was arriving at her home at 4224 S. Artesian, Chicago, Illinois, after going grocery shopping.

14. Plaintiff parked his vehicle on 40th and Artesian. At that moment, the Defendants police vehicle pulled up next to Plaintiff and asked her for her name and identification. Plaintiff complied. Shortly thereafter, Plaintiff was ordered out of her vehicle, searched, arrested, handcuffed, and placed in a squad car.

15. At no time did the Defendant Officers question Plaintiff or inform her of why she was arrested.

16. While Plaintiff was arrested and handcuffed in the vehicle, Defendant Officers proceeded to verbally threaten and curse at Plaintiff while questioning her regarding her boyfriend, Efran Gutierrez. The Defendant Officers told Plaintiff that they had stopped Efran Gutierrez and had found a gun and cocaine in his car.

17. The Defendant Officers continued to question Plaintiff about Mr. Gutierrez as the drove with Plaintiff handcuffed in the back of the vehicle while searching the neighborhood for Mr. Gutierrez.

18. After the Defendant Officers unsuccessfully searched for Mr. Gutierrez in the neighboring streets, they proceeded to Plaintiff's home on 4024 S. Artesian.

3

19. The Defendant Officers Villareal and Hopkins took Plaintiffs keys and proceeded to open her front door. Once inside her home, Defendant Officers retrieved Plaintiffs' cordless phone and demanded Efran Gutierrez's phone number from Plaintiff. Plaintiff complied and Defendant Officers dialed Mr. Gutierrez's phone number and placed the phone receiver to Plaintiffs' ear while Plaintiff spoke to Mr. Gutierrez.

20. Defendant Officer Hopkins escorted Plaintiff to her door of her home and told Plaintiff to go inside and not say anything. Once inside the house, Plaintiff observed that her back window had been broken and the house ransacked. The Defendant Officers found and stole $2400.00 and a digital camera during their illegal search.

21. Once Plaintiff was inside in her home, the Defendant Officers all hid as they waited for the arrival of Efran Gutierrez. Upon Mr. Gutierrez's arrival at Plaintiff's home, the Defendant Officers arrested Mr. Gutierrez. Plaintiff was not charged with any crime by the Defendant Officers.

WHEREFORE, Plaintiff demand in excess of $3,000,000 in compensatory damages against Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Thomas Sherry, Officer Burcinski and Jerome Finnegan and because the Defendants acted maliciously, willfully and/or wantonly, $3,000,000 individually in punitive damages, plus cost, attorney's fees, plus pre-judgment and post-judgment interests at 10 % and such other additional relief as this Court deems equitable and just.

## COUNT II
### (September 29, 2005 Fourth Amendment Violation)

22. On September 29, 2005, Plaintiff was in the process of moving into her home located at 4024 S. Artesian.

4

23. At approximately Plaintiff 3:00 p.m., after she had picked up her children from school, Plaintiff received a phone call from the property owner requesting that she come to 4024 S. Artesian immediately. Upon further investigation, it was learned that the Defendant Officers had detained Plaintiffs property owner and forced him to make the call to Plaintiff.

24. Upon arrival at her home, Plaintiff proceeded to open the front door of her house. Once inside the house, she observed Defendant Officers come in the back of the house. While her children were sitting in the living room, the Officers arrested and handcuffed Plaintiff and began to threaten and curse at her while they searched the home.

25. The Defendant Officers informed Plaintiff that they had recovered 60 grams of cocaine during their illegal search of Plaintiffs home.

26. The Defendants did not have a search warrant for Plaintiffs home at 4024 S. Artesian.

27. The Defendant Officers demanded to know if the drugs belonged to "Chappo" (a.k.a. Efran Gutierrez). Additionally, Defendant Officers demanded to know if Plaintiff knew of other drug dealers. The Defendant Officers threatened Plaintiff by stating "that if she didn't give up other drug dealers that they would take her kids to DCSF."

28. After Plaintiff had complied with Defendant Officers by giving them a fictitious name, the Officers placed the handcuffed Plaintiff and her children in the back of the car and proceeded to drive around the south side of Chicago in an attempt to locate this fictitious person.

5

29. After the searched proved fruitless, the Defendant Officers charged Plaintiff with cocaine possession and transported Plaintiff to the Police Station at 3501 S. Lowe were she was falsely charged.

30. While at the police station Plaintiff was falsely charged under case number 05CR2418401for possession and intent to deliver a controlled substances.

31. As a result of being falsely charged by the Defendant Officers, Plaintiff was convicted of cocaine possession and placed on probation.

32. As a result, Plaintiff was unjustifiably incarcerated for 4 days while she awaited her release on bail.

33. Plaintiff's attorneys are in the process of attempting to vacate her conviction through post-conviction relief petition filed in state court.

34. The Defendant officers detained the Plaintiff in violation of Plaintiffs' rights under the Fourth Amendment.

35. As a direct and proximate result of the unconstitutional detention, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiff demand in excess of $3,000,000 in compensatory damages against Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Thomas Sherry, Officer Burcinski and Jerome Finnegan and because the Defendants acted maliciously, willfully and/or wantonly, $3,000,000 individually in punitive damages, plus cost, attorney's fees, plus pre-judgment and post-judgment interests at 10 % and such other additional relief as this Court deems equitable and just.

### COUNT III- FALSE ARREST
### (42 U.S.C. SECTION 1983 – FALSE ARREST)

1-35.   Plaintiff alleges and realleges paragraphs 1 through 35 of Count I and II as paragraphs 1-35 of Count III.

36.   The Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Burcinski, Officer Riley, and Jerome Finnegan wrote false and misleading police reports alleging that the Plaintiff possessed narcotics on June 24, 2005.

37.   The Cook County State's Attorney's Office is currently in the process of vacating numerous arrests as result of Defendant Officers past misconduct. Plaintiff is awaiting the outcome of her post-conviction relief petition.

38.   Plaintiff was incarcerated from June 24, 2005 until June 28, 2006, the date Plaintiff was released on bail.

39.   As set forth in Count I and II of the Complaint, the above acts of the Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Officer Burcinski, James McGovern and Jerome Finnegan, were willfully and wantonly done without probable cause and were a direct and proximate cause of Plaintiff's pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

   WHEREFORE, Plaintiff demand in excess of $3,000,000 in compensatory damages against Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Thomas Sherry, Officer Burcinski and Jerome Finnegan and because the Defendants acted maliciously, willfully and/or wantonly, $3,000,000 individually in punitive damages, plus cost, attorney's fees, plus pre-judgment and post-judgment interests at 10 % and such other additional relief as this Court deems equitable and just.

## COUNT IV - STATE MALICIOUS PROSECUTION

1-40.  Plaintiff re-alleges paragraphs 1-40 of Counts I, II, and III as paragraphs 1-40 of Count IV.

41.  Defendant Officers wrote false and misleading police reports regarding the arrest of Plaintiff, including but not limited to stating that Plaintiff was in possession of 60 grams of cocaine on June 24, 2005.

42.  The above prosecution was initiated by the Defendants to cover up the illegal search and seizure of Plaintiffs premises.

43.  Defendants knew their false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

44.  Based on the Defendants' false reports, Plaintiff was charged with possession of narcotics.

45.  The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

46.  The unjustifiable prosecution of the Plaintiff was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

WHEREFORE, Plaintiff demand in excess of $3,000,000 in compensatory damages against Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Thomas Sherry, Officer Burcinski and Jerome Finnegan and because the Defendants acted maliciously, willfully and/or wantonly, $3,000,000 individually in punitive damages, plus cost, attorney's fees, plus pre-judgment and post-judgment interests at 10 % and such other additional relief as this Court deems equitable and just.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Supplemental State Law Claim)

1-46. Plaintiff re-alleges paragraphs 1-46 of Counts I, II, III and IV as paragraphs 1-46 of Count V.

47. Defendants Keith Herrera, Juan Hernandez, Margaret Hopkins and Frank Villareal intentionally engaged in extreme and outrageous behavior against LAURA Torres, including, but not limited to, threatening Plaintiff and unconstitutionally detaining Plaintiff for 4 days, causing her mental injuries.

48. Defendants Keith Herrera, Margaret Hopkins and Frank Villareal are liable for the intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

49. The Defendants' outrageous behavior caused Laura Torres to suffer mental and emotional distress including fear, anger, humiliation and the injuries set forth above.

WHEREFORE, Plaintiff demand in excess of $3,000,000 in compensatory damages against Defendant Police Officers Keith Herrera, Frank Villareal, and Margaret Hopkins, because the Defendants acted maliciously, willfully and/or wantonly, $3,000,000 individually in punitive damages, plus cost, attorney's fees, plus pre-judgment and post-judgment interests at 10 % and such other additional relief as this Court deems equitable and just.

## COUNT VI- RESPONDENT SUPERIOR UNDER ILLINOIS LAW
### (Supplemental State Law Claim / City of Chicago)

1-50. Plaintiff re-alleges paragraphs 1-50 of Counts I, II, III, IV and V as paragraphs 1-50 of Count VI.

51. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

52. The Defendant Officers were acting under color of state law and as employees of the City of Chicago.

53. The aforesaid acts of Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Burcinski, Officer Riley, and Jerome Finnegan in falsely arresting and criminally charging Laura Torres were done within the scope of their employment as Chicago police officers, were willful and wanton, and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

WHEREFORE, Plaintiff Laura Torres demands judgment against Defendant City of Chicago in excess of $3,000,000 plus costs, and such other additional relief as this Court deems equitable and just, plus pre-judgment interest and post-judgment interest at 10%.

Respectfully Submitted,

LAURA TORRES

_____
One of her Attorney

Stanley L. Hill & Associates
Stanley L. Hill
Nathan A. Billmaier
651 W. Washington Blvd, Suite 205
Chicago, Il 60661

Frank Edwards
Attorney for Plaintiff
4637 S. Lake Park Suite 215E
Chicago, Il 60653
(773) 624-0771